**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

   v.                                     Case No. 14-CR-78

**JOHN BAILEY,**
        **Defendant.**

---

## DECISION AND ORDER

The government obtained a 26-count indictment charging 29 defendants with drug trafficking and related offenses. Defendant John Bailey filed a motion for disclosure of confidential informants who provided information to the government about the case, along with associated Brady/Giglio material. The magistrate judge handling pre-trial proceedings ordered disclosure of those informants who are transactional witnesses and/or who the government will call as witnesses in its case-in-chief, not less than 60 days before trial. Bailey objects, asking for the immediate disclosure of all informants.[1] He requests a de novo review, but because this is a non-dispositive motion I may modify or set aside the magistrate judge's order only if it is contrary to law or clearly erroneous. See Fed. R. Crim. P. 59(a); United States v. Carter, No. 10-CR-256, 2011 U.S. Dist. LEXIS 16967, at *3 (E.D. Wis. Feb. 7, 2011).

**I.**

The government enjoys a qualified privilege to withhold from disclosure the identity of persons who furnish information to law enforcement. Roviaro v. United States, 353 U.S. 53,

---

[1] Other defendants joined Bailey's motion and/or made similar requests, but they have not objected to the magistrate judge's order.

59 (1957). The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement; by preserving their anonymity, the privilege encourages people with knowledge of criminal activity to come forward. Id. The privilege applies as a matter of right; the government need not make a threshold showing that reprisal or retaliation is likely in order to invoke its protections. United States v. Herrero, 893 F.2d 1512, 1525 (7th Cir. 1990). "While a defendant can overcome the confidential informant privilege by demonstrating a need for the information, he bears this burden in the face of an assumption that the privilege should apply." United States v. Valles, 41 F.3d 355, 358 (7th Cir. 1994).

The privilege will give way if the "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." Roviaro, 353 U.S. at 60-61. In making this determination, the court balances the public interest in protecting the flow of information against the defendant's right to prepare his defense, considering the crime charged, the possible defenses, the possible significance of the informant's testimony, and other factors. United States v. Bender, 5 F.3d 267, 269 (7th Cir. 1993). The privilege will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful. Dole v. Local 1942, Int'l Bhd. of Elec. Workers, 870 F.2d 368, 373 (7th Cir. 1989).

Courts typically distinguish between informants who are "transactional" witnesses (i.e., those who participated in the crime charged against the defendant) and mere "tipsters" (i.e., those whose only role was to provide the police with information). United States v. McDowell, 687 F.3d 904, 911 (7th Cir. 2012); see, e.g., United States v. Wilburn, 581 F.3d 618, 623 (7th Cir. 2009); United States v. Jefferson, 252 F.3d 937, 941 (7th Cir. 2001). For informants falling in the latter category, the rationale for the privilege is stronger and the case for overriding it is

generally weak. "However, for informants who performed a transactional role in an investigation, the case for overriding the privilege and requiring disclosure may be stronger." McDowell, 687 F.3d at 911.

**II.**

Bailey makes no claim that the magistrate judge got the law wrong. Rather, he takes issue with the magistrate judge's exercise of discretion in ordering less than full and immediate disclosure. See Valles, 41 F.3d at 358 ("We review a district court's denial of a motion to disclose the identity of a confidential informant for abuse of discretion, and ask only whether any reasonable person could agree with the district court.") (internal quote marks omitted).

Bailey initially argues that the magistrate judge placed disproportionate weight on unsubstantiated allegations regarding the danger faced by the informants in this case. The Seventh Circuit has recognized that drug trafficking organizations are "not known for treating informers with compassion," Bender, 5 F.3d at 270, and as Bailey acknowledges the record in this case suggests specific reasons for concern. See United States v. Jiles, 658 F.2d 194, 198 (2d Cir. 1981) (endorsing close scrutiny of disclosure request where the government presents specific evidence of risk rather than relying on general policy grounds). In any event, the magistrate judge discussed these allegations briefly (R. 452 at 6-7, 15) and did not place undue weight on them. As the magistrate judge recognized, the privilege applies even in the absence of such allegations. (R. 452 at 5.)

Bailey indicates that the government's case rests in large part on information provided by 49 informants; eight of those informants have implicated him, the remainder have not. Of the eight inculpatory statements, Bailey states that just one reveals how the informant learned about him, and he complains that absent more information he cannot determine whether these

3

informants are transactional.  The magistrate judge's order requires disclosure of transactional informants 60 days before trial, and Bailey provides no authority for requiring the government to now disclose how the informants acquired knowledge about him or for requiring immediate disclosure so that he can conduct his own investigation into their basis of knowledge.  See United States v. Sims, 808 F. Supp. 607, 614 (N.D. Ill. 1992) (stating that the prosecutor need not turn over all files so that the defense may search out exculpatory material; "'counsel must be satisfied with the representations of the prosecutor, fortified by judicial inspection in close cases'") (quoting United States v. Danovaro, 877 F.2d 583, 589 (7th Cir. 1989)).  Bailey argues that he is caught in a Catch-22 in that he cannot make the required showing absent more information.  As the Sims court noted, however, requiring disclosure may create a Catch-22 for the government.  Id. ("This court rejects the 'Catch 22' argument that 'the only way a state can prove its right not to turn over information is to turn over that information.'") (quoting United States ex rel. Jones v. DeRobertis, 766 F.2d 270, 274 (7th Cir. 1985)).

Bailey indicates that the other 41 informants presumably were questioned about the conspiracy, and it must be concluded that their failure to identify him as a participant is exculpatory and affirmative proof of his lack of involvement.  As the magistrate judge noted, however, this claim rests on speculation.  (R. 452 at 8.)  If these individuals were not asked about Bailey or if they lack full knowledge of all facets of the conspiracy their silence would not be exculpatory.  See United States v. Garcia, No. H-05-0170-2, 2005 U.S. Dist. LEXIS 47160, at *5 (S.D. Tex. Dec. 7, 2005) ("A witness's mere failure to inculpate a defendant is considered to be neutral, not exculpatory, evidence.").[2]

---

[2] In United States v. Barnes, No. 09-CR-248, 2010 U.S. Dist. LEXIS 45769, at *19 (E.D. Wis. Apr. 7. 2010), Magistrate Judge Goodstein discussed a scenario in which informant

4

Finally, Bailey argues that the 60-day period ordered by the magistrate judge is inadequate given the complexity of the case, the volume of discovery, the number of defendants, and the lack of detail in the informants' accusations. As the magistrate judge noted, however, only a subset of the 49 informants will be relevant to Bailey's case, and the government will provide much of the information needed to prepare cross-examination (e.g., criminal histories, promises of leniency, and benefits received). (R. 452 at 13.) Moreover, given past practice in this district, where disclosure has generally been required 30-60 days before trial, even in complex cases (R. 452 at 14-15, collecting cases); see also United States v. Wortham, No. 14-CR-84, 2014 U.S. Dist. LEXIS 151068, at *6-7 (E.D. Wis. Oct. 24, 2014) (collecting cases), the magistrate judge did not abuse his discretion in setting the deadline. Bailey provides no authority to the contrary, and unlike the magistrate judge's order, which sought to balance the competing interests (R. 452 at 15-16), Bailey's demand for immediate disclosure gives no weight to the government's concerns for informant safety. See Barnes, 2010 U.S. Dist. LEXIS 45769, at *17-18 (finding that disclosure 30 days before trial balanced government's concern for informant safety with defendants' interest in adequate trial preparation).

---

disclosure could be required under Brady:

> The statement of an alleged co-conspirator that he or she has no knowledge of the defendant's involvement in the conspiracy is of an exculpatory nature. This is because a defendant can argue to the jury that if a CI acknowledged by the government to be a member of the conspiracy did not know the defendant, then the defendant must not have been a co-conspirator. Of course, the counter argument is that not all conspirators necessarily know each other, especially in a conspiracy that spans several years, but the defendant has a right to let the jury draw its own conclusion.

At this point, however, Bailey fails to show that the 41 informants fall in this category.

**III.**

**THEREFORE, IT IS ORDERED** that defendant Bailey's objections are overruled and the magistrate judge's order is affirmed.

Dated at Milwaukee, Wisconsin, this 18th day of February, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge